764 So.2d 179 (2000)
STATE of Louisiana, Appellee,
v.
Illya ANDERSON Appellant.
No. 33,630-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
Louisiana Appellate Project by Carey J. Ellis, III, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Charles D. Soileau, Assistant District Attorney, Counsel for Appellee.
Before STEWART, GASKINS and DREW, JJ.
DREW, J.
Charged with DWI (third offense), driving under suspension (DUS) and driving with inoperative brake lights, Illya Anderson pled guilty to the first two charges in exchange for dismissal of the third. The district court imposed an illegally lenient sentence on the DWI charge and failed to impose any sentence for the DUS charge. Following the denial of defendant's timely oral motion for reconsideration, defendant appealed his three-year sentence as excessive. We affirm the convictions and the sentence for DWI.
The defendant was arrested and charged with DWI on October 23, 1998, after being observed operating a motor vehicle without brake lights and violating the prohibition against improper lane usage. He obtained a score of 0.121 on a breath test. Defendant's two prior convictions for DWI occurred on February 6, 1997 and September 2, 1998.
In his oral motion for reconsideration, the defendant failed to state any specific ground upon which the motion was based. If a defendant fails to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, then the state or the defendant is precluded from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. La.C.Cr.P. *180 art. 881.1. The defendant here is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La. App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Prior to imposing sentence, the district court reviewed a report which discussed the facts of the case and defendant's background. Defendant, age 34, was a third felony offender. He had a 1991 conviction involving the manufacture and possession of an incendiary device and a 1992 conviction for simple burglary of an inhabited dwelling. The court also considered defendant's social history, health, education and the sentencing guidelines.
On this record, we do not find constitutional error. On the DWI (third offense), La. R.S. 14:98(D), defendant faced a sentencing range of no less than one year to no more than five years, at least six months of which must be served without benefit of parole, probation or suspension of sentence. Further, the statute provides for a $2,000 fine and seizure and sale of the motor vehicle involved.
The sentence actually imposed is in fact illegally lenient since it was imposed with benefit of parole and did not include a fine or forfeiture. On the driving under suspension charge, La. R.S. 32:415, defendant's sentencing range included a range of seven days to six months, at least seven days of which must be served without benefits. The trial court did not impose any sentence for the DUS charge in the record before this court.
The mid-range incarceration sentence imposed is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. However, the sentence is illegally lenient.
Normally, the jurisprudence states that this court may not correct an illegally lenient sentence as error patent if the error is not appealed by the state. This rule exists to avoid a chilling effect on the exercise of a defendant's right to appeal. State v. Jackson, 452 So.2d 682 (La. 1984); State v. Fraser, 484 So.2d 122 (La. 1986). However, both those cases state that when the defendant designates the error which renders the sentence illegally lenient, the appellate court may act on the error. The cases reason that this is so because the error no longer is being considered only as error patent. Jackson at 683, n. 1; Fraser at 124.
Although the defense counsel assigned the illegally lenient sentence as error, the defendant's argument was limited to noting that the sentence could not be corrected, since the state did not appeal. In light of that assignment and briefing, it is arguable that the sentencing error could be viewed as other than error patent. However, this court will not address this issue which was not included in defendant's motion for reconsideration.
The defendant received great leniency from the district court's errors. The state failed to appeal those errors. The sentence is not constitutionally excessive. The briefed argument on the properly designated assignment of error lacks merit.
Our error patent review disclosed that the trial court informed defendant the prescriptive period for post-conviction relief is "three years" from the date the judgment of conviction and sentence becomes final. The correct prescriptive period is now two years. La.C.Cr.P. art. 930.8.
We direct the district court to send appropriate written notice to defendant within 30 days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La. App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992). No other error patent was noted.

*181 DECREE
The convictions for DWI and DUS and the sentence for DWI are affirmed.
AFFIRMED.