SUSAN M. CHEHARDY, Chief Judge.
|2This is defendant’s second appeal before this Court. On appeal, defendant challenges his sentence as illegal under the statutory scheme in place on the date of imposition. For the following reasons, we amend defendant’s sentence, affirm as amended, and remand for correction of an error patent.

Facts and Procedural History

The underlying facts were set forth in State v. Robinson, 421 So.2d 229 (La.1982), which was the co-defendant’s appeal:
On August 5, 1980, [Jimmy Robinson, co-defendant] and Keith Stewart knocked at the door of the apartment of Mrs. Joyce Waites, who managed an apartment complex. They told Mrs. Waites that they wanted to apply for a job, but they left when she advised that there were no positions available. Approximately 30 minutes later, Mrs. Waites answered another knock at the door and was confronted by the same two men, who drew guns and demanded money. When Mrs. Waites pointed to her purse, [Robinson] placed a gun against her head and told her to lie on the floor.
[Robinson] held the gun to Mrs. Waites’ head, while Stewart searched the house for valuables. Mrs. Waites warned that her husband was coming home for lunch soon and begged them to leave, but they did not do so. When [Mr. Waites] arrived, [Robinson] and Stewart used the gun to require him to lie on the floor next to Mrs. Waites. [Robinson] then made Mrs. Waites accompany him upstairs to search for more money. When they came back downstairs, [Robinson] again told her to lie on the floor next to her husband.
|sMrs. Waites told [Robinson] that she could not stop shaking and asked for a cigarette, which [he] gave her. At [Robinson]’s instruction, she placed her head on the floor and closed her eyes. When she heard a shot, she looked up and started screaming when she saw that her husband had been shot. [Robinson] placed the gun against her head and told her to shut up or she would be next. Shortly thereafter, [Robinson] and Stew *638 art left the apartment with the stolen money in the Waites’ car.
Mr. Waites died of a gunshot wound to the head. Later the same day, [Robinson] was arrested and confessed to the shooting.
State v. Robinson, 421 So.2d at 230.
On August 22, 1980, a Jefferson Parish Grand Jury indicted defendant, Keith Stewart, with first degree murder, in violation of La. R.S. 14:3o.[1] On January 28, 1982, a jury convicted him of second degree murder in violation of La. R.S. 14:30.1. On February 5, 1982, the trial judge sentenced defendant to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. The Louisiana Supreme Court affirmed defendant’s conviction and sentence on September 8, 1983. State v. Stewart, 437 So.2d 872 (La.1983).
On August 14, 2012, defendant filed a “Motion to Vacate and Correct an Illegal Sentence,” citing the United States Supreme Court’s pronouncement in Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). On March 28, 2013, the trial judge granted the motion, vacated the original sentence, and resen-tenced defendant to life imprisonment at hard labor with the benefit of parole. That day, the State and the defense both objected to the sentence. Defendant also filed a timely motion for appeal that was granted.[2]
| JLaw and Argument
Pursuant to accepted procedure,[3] appointed appellant counsel has filed an appellate brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. For the following reasons, we deny counsel’s request.
In addition to a counseled brief, defendant filed supplemental pro se briefs on November 19, 2013 and December 17, 2013. In his pro se briefs, defendant argues that his sentence of life imprisonment at hard labor with parole is not authorized by La. R.S. 14:30.1 and, therefore, the sentence is illegal. Defendant contends that the mandatory minimum life imprisonment sentence is constitutionally excessive under the circumstances of this case (because he did not kill or intend to kill the victim) and that the matter should be remanded to the trial court for resentencing to the “next responsive verdict.”
For those offenders convicted of second degree murder in Louisiana, La. R.S. 14:30.1 mandates a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. However, as noted above, in 2012, *639 the United States Supreme Court, in Miller v. Alabama, supra, held that a state’s statutory sentencing scheme that mandates life imprisonment without parole, for those offenders under the age of 18 years at the time they committed a homicide offense, violates the Eighth Amendment prohibition of “cruel and unusual punishments.” Miller v. Alabama, 182 S.Ct. at 2460. The Miller Court |fidid not prohibit life imprisonment without parole for juveniles, but instead required that the statutory sentencing scheme authorize a sentencing court to consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles who have committed a homicide offense. State v. Simmons, 11-1810 (La.10/12/12), 99 So.3d 28 (per curiam).
In 2018, in response to Miller v. Alabama, supra, the Louisiana Legislature enacted La.C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E)(1).[4]
La.C.Cr.P. art. 878.1 provides as follows:
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender’s level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.
La. R.S. 15:574.4(E)(1) provides in pertinent part as follows:
E. (1) -Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1 and all of the following conditions have been met:
(a) The offender has served thirty-five years of the sentence imposed. |fi(b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date.
(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED *640 certification, the offender shall complete at least one of the following:
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
However, in 2013, the Louisiana Supreme Court held in State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, a case that is factually similar to this case, that Miller v. Alabama, supra, cannot be retroactively applied to those defendants whose underlying convictions and sentences are, and have been, final. Further, the Tate court also held that the newly-enacted legislation, which codifies Miller in Louisiana, La.C.Cr.P. art. 878.1 and R.S. 15:574.4(E)(1), only applies prospectively. The supreme court stated in pertinent part:
In conclusion, we find, under the Teag-ue[5] analysis, Miller sets forth a new rule of criminal constitutional procedure, which is neither a substantive nor a watershed rule implicative of the fundamental fairness and accuracy of the criminal proceeding. Accordingly, we find the Miller rule is not subject to retroactive application on collateral review. We likewise find, under its plain and unambiguous language, 2013 La. Acts 239 applies prospectively only. Accordingly, we reverse the judgment of the Court of Appeal and reinstate the judgment of the District Court in its entirety.
[ rjTate, 130 So.3d at 829 at *12.
In this case, defendant seeks review of his sentence of life imprisonment with parole imposed after a Miller hearing on March 28, 2013. Based on the supreme court’s recent pronouncement in Tate, supra, which is the law of Louisiana on this issue, we find that defendant’s sentence of life imprisonment with eligibility for parole is illegally lenient. This Court has permissive authority to correct an illegally lenient sentence under La.C.Cr.P. art. 882. State v. Pitt, 09-1054 (La.App. 5 Cir. 4/27/10), 40 So.3d 219, 224, writ denied, 10-1141 (La.12/10/10), 51 So.3d 725. Accordingly, we amend the current sentence to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence as mandated by La. R.S. 14:30.1 and affirm, as amended.

Errors patent

Defendant requests an error patent review, which this Court routinely performs in accordance with La.C.Cr.P. art. 920. We note one error patent that requires correction.
The commitment reflects that defendant was convicted of first degree murder in violation of La. R.S. 14:30; however, the record reflects that defendant was convicted of second degree murder in violation of La. R.S. 14:30.1. Therefore, we remand the matter with instructions to the district court to amend the commitment to reflect this information and to the clerk of court to transmit the amended commitment to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections Legal Department. See, La.C.Cr.P. art. *641 892(B)(2); State ex rel. Roland v. State, 06-02U (La. 9/15/06), 937 So.2d 8i6.

AMENDED; AFFIRMED AS AMENDED; REMANDED; MOTION TO WITHDRAW DENIED.

. Co-defendant, Jimmy R. Robinson, was also indicted with the same offense in the same indictment.

. On a jurisdictional note, La. Const, of 1974, Art. 5, § 5(E) provides in pertinent part, that “the supreme court shall have exclusive appellate jurisdiction to decide criminal appeals where the defendant has been convicted of a felony ... but only when an order of appeal has been entered prior to July 1, 1982....” Here, the Order of Appeal was entered on or after March 28, 2013, which excludes this from the supreme court's exclusive appellate jurisdiction.

.The procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990) was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. See, Acts 2013, No. 239, § 2, eff. August 1, 2013.

. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).