MOORE, J.
| jAfter serving 24 years of a life sentence for a second degree murder conviction in 1988, Troy Griffin (“defendant” herein), filed a pro se motion to correct an illegal sentence, based upon the United States Supreme Court ruling in Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).[1] Because Griffin was 17 years old when he committed the offense, after a hearing, the district court amended the sentence to life imprisonment with the benefit of parole. The defendant filed this appeal, arguing that the district court should have appointed experts and taken evidence to particularize his sentence, which should not exceed the maximum penalty for the highest lesser included offense of second degree murder. For the following reasons, we hold that the amended sentence imposed is an illegal sentence. Accordingly, we amend the sentence to life imprisonment without the benefit of parole, probation, or suspension of sentence, as mandated by La. R.S. 14:30.1. As amended, we affirm.
FACTS
Griffin’s conviction arises from the August 1987 death of two-year-old LaDarrett Gossett. Griffin and the child’s mother fought over the child in a “tug-of-war fashion.” During that struggle, the child struck his head on a windowsill. Griffin admitted to police that he struck the child in the rib area, causing him to fall down, but he did not think the child was seriously hurt. He also admitted that the child was moaning after being put |2to bed. The child died during the night or in the early morning hours. An autopsy report revealed fractured ribs and, according to the prosecutor, the child’s internal organs were “jostled around pretty severely.”
Griffin was charged by indictment with first degree murder. On February 12, 1988, Griffin entered an Alford plea of guilty to second degree murder. At sentencing, Griffin informed the court that he wished to withdraw his guilty plea and enter a plea of not guilty. The district court denied the motion without conducting any investigation into the reasons for his request. An appeal followed. This court set aside the sentence, and the matter was remanded for a hearing on the motion to withdraw. Following an eviden-tiary hearing on January 5, 1989, the motion to withdraw guilty plea was again denied. Griffin received the mandatory sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence.
Now at age 43, after serving 24 years of his life sentence, Griffin filed a pro se motion to correct illegal sentence on June 18, 2013, based upon the U.S. Supreme Court ruling in Miller v. Alabama, supra. Griffin argued that he should be re-sentenced under the penalty of the most serious lesser included offense authorized by law at the time the offense was committed because a mandatory sentence of life imprisonment without the benefit of parole was deemed unconstitutional in Miller, supra. Griffin also filed a motion for appointment of a sociologist and a psychologist, arguing that expert testimony regarding his youth, growth, and develop *547 ment was necessary for the consideration of mitigating circumstances. Counsel was | ^appointed to represent the defendant.
On September 4, 2013, the motion to correct illegal sentence and motion for appointment of sociologist and psychologist came before the court for hearing. During that hearing, the state stipulated that Griffin was 17 years old at the time of the offense and that Miller, supra, would have some application to this matter. Counsel for Griffin noted that, even if Griffin’s sentence was amended to include the benefit of parole, the statutes governing the eligibility for parole do not allow for parole in convictions for first or second degree murder. Hence, he argued, an amendment to Griffin’s sentence to include the benefit of parole would be meaningless in practice.
The district court concluded that the only sentencing option, other than life with the benefit of parole, would be imprisonment for a specified number of years, which the law does not allow. The motion to correct illegal sentence was granted, and Griffin’s original sentence was amended to life imprisonment with the benefit of parole. Griffin filed this appeal.
Through its two assignments of error, the defense argues that the district court failed to particularize the sentence and denied the defendant the opportunity to present factors by which to evaluate the sentence imposed. It contends that a new re-sentencing hearing is warranted.
By his first assignment of error, the defendant alleges that the sentencing court erred by simply amending the life sentence to allow parole eligibility without particularizing his sentence based on developmental and other mitigation factors that are specific to juveniles, and thus it failed to comply with the mandate of Miller, supra. The defense argues that the |4court failed to consider Griffin’s age, social history, impetuosity, and other mitigating factors.
In his second assignment, the defendant contends that the trial court erred in not providing the defendant with expert assistance, as he requested in his pro se motion, who could present evidence at the re-sentencing hearing concerning the specific concerns raised in Miller, supra, which was imperative for the trial court to have a sufficient basis for individualizing the re-sentencing and to show why merely restoring the right to parole consideration does not satisfy the Miller requirements. The diminished culpability of juvenile offenders is a complicated matter that is not easily understood by a lay person, he argues. As such, the juvenile offender’s access to individual examinations is crucial to his ability to present evidence necessary to form his individualized sentence. In this case, the defendant sought and was denied access to individual examinations.
The defendant further argues that adding the possibility of parole to his life sentence is meaningless, since it only grants the right to apply for parole. He contends that the mere access to the parole board does not comport with the holding in Miller, supra. Thus, the trial court’s amendment of an unconstitutional original sentence was unsuccessful because Griffin’s current sentence fails to account for mitigating qualities of youth and is the functional equivalent of the prior sentence.
The state did not object to the amended sentence and argues that the court of appeal should affirm the sentence imposed by the district court, i.e., life imprisonment with the possibility of parole. While Miller, supra, did | snot establish a categorical prohibition against life imprisonment without the possibility of parole for juvenile offenders, the state asserts that, in light of the legislative enactment of La. C. Cr. P. art. 878.1 (see discussion below), the dis *548 trict court afforded the defendant the only possible remedy allowed by law — life with the possibility of parole. Any other sentence would be a usurpation of legislative powers to determine sentencing guidelines. The state argues the district court complied with Miller’s requirements when it considered the defendant’s age prior to amending the sentence, and it amended his sentence to allow for the possibility of parole.
DISCUSSION
For those offenders convicted of second degree murder in Louisiana, La. R.S. 14:30.1 mandates a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. However, as noted above, in 2012, the U.S. Supreme Court, in Miller v. Alabama, supra, held that a state’s statutory sentencing scheme that mandates life imprisonment without parole for those offenders under the age of 18 years at the time they committed a homicide offense violates the Eighth Amendment prohibition of “cruel and unusual punishments.” Miller v. Alabama, 182 S.Ct. at 2460. The Miller Court did not prohibit life imprisonment -without parole for juveniles. Instead, it required that the statutory sentencing scheme authorize a sentencing court to consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles who have committed a homicide offense. State v. Simmons, 11-1810 (La.10/12/12),6 99 So.3d 28 (per curiam).
In 2013, in response to Miller v. Alabama, supra, the Louisiana Legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E)(1).[2]
La. C. Cr. P. art. 878.1 provides:
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender’s level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.
La. R.S. 15:574.4(E)(1) provides, in pertinent part:
E. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1 and all of the following conditions have been met:
*549 (a) The offender has served thirty-five years of the sentence imposed.
(b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date.
|7(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
However, in 2013, the Louisiana Supreme Court held in State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, a ease that is factually similar to this case, that Miller v. Alabama, supra, cannot be retroactively applied to those defendants whose underlying convictions and sentences are, and have been, final. In other words, Miller does not apply to collateral review of a sentence. Further, the Tate court also held that the newly-enacted legislation, which codifies Miller in Louisiana, La. C. Cr. P. art. 878.1 and R.S. 15:574.4(E)(1), applies only prospectively. The supreme court stated in pertinent part:
| sIn conclusion, we find, under the Teague[3] analysis, Miller sets forth a new rule of criminal constitutional procedure, which is neither a substantive nor a watershed rule implicative of the fundamental fairness and accuracy of the criminal proceeding. Accordingly, we find the Miller rule is not subject to retroactive application on collateral review. We likewise find, under its plain and unambiguous language, 2013 La. Acts 239 applies prospectively only. Accordingly, we reverse the judgment of the Court of Appeal and reinstate the judgment of the District Court in its entirety.
State v. Tate, 2012-2763 (La.11/5/13), at *12,130 So.3d at 838 .
In this case, defendant seeks review of his sentence of life imprisonment with parole imposed after a Miller hearing on September 4, 2013. Based on the supreme court’s recent pronouncement in Tate, supra, which is the law of Louisiana on this issue, we find that defendant’s sentence of life imprisonment with eligibility for parole is illegally lenient.
This court has permissive authority to correct an illegally lenient sentence under La. C. Cr. P. art. 882. Ordinarily, when the defendant alone has appealed and the state has not sought independent review of the sentence, this court has traditionally abstained from exercising this power. State v. Hall, 43,125 (La.App. 2 Cir. 6/4/08), 986 So.2d 863. This rule exists to avoid a chilling effect on the exer *550 cise of a defendant’s right to appeal. State v. Jackson, 452 So.2d 682 (La.1984); State v. Fraser, 484 So.2d 122 (La.1986); State v. Anderson, 33,630 (La.App. 2 Cir. 6/21/00, 764 So.2d 179). However, as we noted in State v. Anderson, supra, when the defendant designates the error which renders the sentence illegally lenient, the appellate court may correct the error, since the error is no longer considered as only an error patent. Accordingly, we amend the defendant’s current |9sentence to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence as mandated by La. R.S. 14:30.1 and affirm, as amended.
SENTENCE AMENDED, AND, AS AMENDED, AFFIRMED.

. In Miller, the U.S. Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders,” finding instead that the sentencing court must first hold a hearing to consider mitigating factors, such as the defendant’s youth, before imposing this severe penalty. Miller, 132 S.Ct. at 2469.

. See, Acts 2013, No. 239, § 2, eff. August 1, 2013.

. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).