McDonald, j.
|2Lee Roy Jenkins, a fifteen year old defendant, was charged by grand jury indictment with the murder[3] of Edward *447 Trask, committed on July 3, 1971, a violation of La. R.S. 14:30. A sanity commission was appointed, and the defendant was found competent to stand trial. He then entered a plea of not guilty and not guilty by reason of insanity. Later, he withdrew that plea and entered a plea of guilty to avoid capital punishment. On March 1, 1972, he was sentenced to imprisonment at hard labor “for the balance of his natural life time.” In light of the United States Supreme Court’s decision in Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), on March 28, 2013, the defendant filed a motion to correct illegal sentence. On April 16, 2013, the trial court vacated the defendant’s previously imposed sentence without objection from the State, and following a later contradictory hearing on December 16, 2013, resen-tenced him to imprisonment at “hard labor, for the balance of his natural life,” without benefit of probation, parole, or suspension of sentence. The defendant now appeals, arguing the sentence imposed was unconstitutionally excessive. For the following reasons, we affirm the defendant’s conviction, vacate his December 26, 2013 sentence, and reinstate his March 1, 1972 sentence of life imprisonment at hard labor “for the balance of his natural life time.”

STATEMENT OF FACTS

Because of the defendant’s guilty plea, many of the facts and circumstances of the crime are undeveloped. Evidence in the record demonstrates that, in early July 1971, the defendant went to the home of Edward Trask, the victim, in Norwood, Louisiana, to burglarize the home. The defendant was unarmed at this time. After Mr. Trask saw the defendant, he shot at the defendant, who then ran away. On July 3, 1971, Mr. Trask again found the defendant on his property. The defendant was armed with a .22 caliber rifle, and Mr. Trask had a .22 caliber revolver. Mr. Trask accosted the ^defendant, and when he did, the defendant raised his rifle. Mr. Trask first fired several shots at the defendant, none of which struck the defendant. The defendant then fired at Mr. Trask, striking him twice. Mr. Trask’s wife, who observed the confrontation between the two men, got into her car and drove to find help. Though the defendant tried to stop her, he did not shoot at her. The defendant then returned to Mr. Trask, took his wallet containing several hundred dollars, and fled to Mississippi. Mr. Trask died before help arrived. A few days later, the defendant was apprehended near Woodville, Mississippi. After he pled guilty, was sentenced, and began serving his sentence, the defendant escaped from Louisiana State Penitentiary in Angola, Louisiana, and subsequently fled to Chicago, Illinois. He remained in Chicago for nearly a decade until he was apprehended by authorities after applying to become a Chicago police officer. He was returned to prison in Louisiana.

EXCESSIVE SENTENCE

In his sole assignment of error, the defendant contends his sentence is unconstitutionally excessive in light of Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Specifically, he claims that his “lack of any criminal history, the isolated nature of the offense[,] and his demonstrated rehabilitation support the conclusion that life with the possibility of parole is the most appropriate sentence.”
In Miller, the United States Supreme Court held that the Eighth Amendment *448 forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders, finding instead that the sentencing court must first hold a hearing to consider mitigating factors, such as a defendant’s youth and attendant characteristics, before imposing this severe penalty. Miller, 567 U.S. at -, 132 S.Ct. at 2469, 2475; see State v. Graham, 11-2260 (La.10/12/12), 99 So.3d 28, 29 (per curiam). Citing Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the Miller court stated that too great a risk of disproportionate punishment is created by making youth irrelevant to imposition of the harshest prison sentence. The Miller court further indicated that the Graham decision was sufficient to decide the Lease, and the Court did not consider the alternative argument that a categorical bar on life imprisonment without parole for juveniles was required. The Miller court further held that, although it was not foreclosing the sentencer’s ability to make that determination in homicide cases, it did require the trial court to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. Miller, 567 U.S. at -, 132 S.Ct. at 2469. After Miller was decided, the Louisiana legislature enacted La.C.Cr.P. art. 878.1 and LSA-R.S. 15:574.4(E), both of which provide procedural guidelines for parole eligibility regarding offenders who commit first or second degree murder when they are under eighteen years of age.
Also following Miller, the Louisiana Supreme Court in State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, 834, cert. denied, — U.S. -, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014), addressed the res nova issue of whether the holding in Miller applied retroactively to juvenile offenders whose homicide convictions were final when Miller was rendered. The Supreme Court held that Miller established a new rule, but found that the rule was procedural in nature, as opposed to substantive, as it did not alter the range of conduct or persons subject to life imprisonment without parole for homicide offenders; nor did it eliminate a State’s power to impose such a sentence on a juvenile offender; and, it did not alter the elements necessary for a homicide conviction. Rather, the new rule simply altered the range of permissible methods for determining whether a juvenile offender could be sentenced to life imprisonment without parole for such a conviction. Id., 130 So.3d at 835-37. Further, the Tate court held that the new rule announced in Miller did not apply retroactively as it was “a new rule of criminal constitutional procedure that [was] neither substantive nor a watershed rule that alters our understanding of the bedrock procedural elements essential to the fairness of a proceeding.” Id., 130 So.3d at 841. Additionally, the Louisiana Supreme Court found that La.C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E)(1), which codified Miller in Louisiana, only applied prospectively. Id., 130 So.3d at 842^4.
|RDue to the unique procedural history in this case, we find the recent decision of State v. Stewart, 13-639 (La.App. 5 Cir. 1/31/14), 134 So.3d 636, writ denied, 14-0420 (La.9/26/14), 149 So.3d 260, to be instructive. In Stewart, the defendant, a juvenile, was convicted of second degree murder, and in February 1982, was sentenced to life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. The Louisiana Supreme Court affirmed the defendant’s conviction and sentence in September 1983. State v. Stewart, 437 So.2d 872 (La.1983). On August 14, 2012, the defendant filed a “Motion to Vacate and Correct an Illegal Sentence,” citing the United States Supreme Court’s pronouncement in Miller. On March 28, 2013, prior to the Louisiana Supreme Court’s decision in Tate, the trial court granted the defendant’s motion, va *449 cated his original sentence, and resen-tenced the defendant to life imprisonment at hard labor “with the benefit of parole.” Stewart, 134 So.3d at 638.
Without addressing the defendant’s unconstitutional and excessive sentence assignment of error, the Fifth Circuit noted that, after the defendant received his new sentence, the Louisiana Supreme Court decided Tate, which held that Miller “cannot be retroactively applied to those defendants whose underlying convictions and sentences are, and have been, final.” Stewart, 134 So.3d at 640. The appellate court concluded that, “[biased on the supreme court’s recent pronouncement in Tate, which is the law of Louisiana on this issue, we find that defendant’s sentence of life imprisonment with eligibility of parole is illegally lenient.” Id. As such, the Fifth Circuit amended the defendant’s sentence to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence.[4] Id.
Similarly to the Stewart defendant, the instant defendant also filed a motion to correct illegal sentence between the Miller and Tate decisions. However, based on | RTate, the defendant is not entitled to a substantive Miller hearing, because his sentence was final at the time both Miller and Tate were decided. Thus, we vacate the defendant’s December 16, 2013 sentence, and reinstate the defendant’s original March 1, 1972 sentence — life imprisonment at “hard labor for the balance of his natural life time.”[5] As such, this assignment of error is without merit.
CONVICTION AFFIRMED; DECEMBER 16, 2013 SENTENCE VACATED; MARCH 1, 1972 SENTENCE REINSTATED.

.The current differentiation of first degree murder and second degree murder was made after the commission of the criminal conduct *447 involved herein. See 1973 La. Acts No. 109, § 1 (changing the crime identified in La. R.S. 14:30 from "murder” to "first degree murder”) and 1973 La. Acts No. Ill, § 1 (adding La. R.S. 14:30.1 defining the crime of second degree murder).

. See also State v. Griffin, 49,146 (La.App. 2 Cir. 6/25/14), 145 So.3d 545, 546, where a juvenile defendant was convicted of second degree murder and sentenced to life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence in 1988. Following Miller, the defendant filed a motion to correct illegal sentence. On September 4, 2013, prior to Tate, the trial court granted the motion, and sentenced the defendant to life imprisonment at hard labor, with the benefit of parole. Griffin, 145 So.3d at 547. On appeal, the Second Circuit noted the defendant's sentence was illegally lenient, and amended the defendant's sentence to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence. Griffin, 145 So.3d at 549-50.

. We note that by vacating the defendant’s newly imposed sentence, and reinstating the earlier one, this creates a distinction without a difference. However, such action is necessary to be consistent with Tate.