PER CURIAM.
| 1 Writ Granted in part. Defendant was convicted of second degree murder in violation of La.R.S. 14:30.1, and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, over his objection that he was only 16 years old at the time he committed the offense. The court of appeal affirmed
*29 defendant’s conviction and sentence, State v. Graham, 11-0380 (La.App. 1 Cir. 9/14/11), 90 So.3d 543, rejecting the argument that his mandatory life sentence without parole is excessive, citing among other cases Graham v. Florida, 560 U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Eighth Amendment precludes sentencing juvenile offenders to life imprisonment without parole for non-homicide crimes). After the court of appeal issued its decision, and while defendant’s writ was pending in this Court, the United States Supreme Court determined that mandatory life imprisonment without parole for those offenders under the age of 18 years at the time they committed a homicide offense violates the Eighth Amendment prohibition of “cruel and unusual punishments.” Miller v. Alabama, 567 U.S. -, -, 132 S.Ct. 2455, 2466, 183 L.Ed.2d 407 (2012). Unlike the case in Graham, the Miller court did not establish a prohibition against life imprisonment without parole for juveniles but instead required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest possible penalty for juveniles. Therefore, we grant to remand to the district court for reconsideration after conducting a sentencing hearing in accord with the principles enunciated in Miller and stating the reasons for reconsideration and sentencing on the record.
In all other respects, the application is denied.