PER CURIAM.
|! Granted. Defendant is entitled to the benefit of the decision in Miller v. Alabama, 567 U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), because his case was in the direct review pipeline when Miller was decided. See Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (new rules of constitutional criminal procedure apply retroactively to all cases pending on direct review or in the direct review pipeline); compare State v. Tate, 12-2713 (La.11/5/13)(Miller not retroactive to final sentences subject only to collateral attack). The court of appeal erred, however, in ordering that the trial court resentence defendant “in a manner allowing parole eligibility in accordance with the principles annunciated in Miller [ ].” State v. Jones, 12-788, p. 27 (La.App. 5 Cir. 5/23/13) - So.3d -,-, 2013 WL 2249168. On remand of the case, the trial court is directed to hold a hearing in compliance with La.C.Cr.P. art. 878.1, implementing the Miller decision in Louisiana, before resentencing defendant to a term of life imprisonment at hard labor that, in the court’s discretion, after considering any aggravating and mitigating evidence relevant to the offense or the character of defendant, may, or may not, be subject to parole eligibility pursuant to the provisions of La.R.S. 15:574.4(E).