CARAWAY, J.,
dissenting.
_JjThe hearing for the sentencing of defendant came before the trial court only days after the effective date of Act 239 of 2013. Act 239 added Article 878.1 to the Code of Criminal Procedure and established the new parole eligibility provisions under La. R.S. 15:574.4. From the three recent decisions of the United States Supreme Court, Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), three central factors for consideration for the sentencing of juvenile offenders are: (1) lack of maturity and an underdeveloped sense of responsibility result in impetuous and ill-considered actions and decisions; (2) vulnerability to negative influence and peer pressure; and (3) character of a juvenile is not as well formed as an adult.
From my review of the sentencing hearing, it is not clear that the trial court acknowledged the new 35-year provision for parole that the legislature had only recently established. Additionally, a review of the above factors was not sufficiently made by the trial court. Finally, the trial court did not express its conclusion as charged by the new legislation that this life sentence must be imposed without benefit of parole because the crime was the worst of eases by the worst of juvenile offenders. Following the action of the Louisiana Supreme Court in a recent opinion, I would remand the matter to the trial court to confirm clear compliance with our new law. State v. Jones, 13-2039 (La.2/28/14), 134 So.3d 1164.