DRAKE, J.
|gThe defendant, Jared David Graham, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He was found guilty as charged and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. His motion for reconsideration of sentence was denied. The defendant appealed his conviction. and sentence, arguing, inter alia, that the sentence was excessive for a sixteen-year-old and that the trial court erred in not granting the motion to reconsider sentence. The facts of this case are set out in full in a previous unpublished opinion from this court. See State v. Graham, 11-0380 (LaApp. 1 Cir. 9/14/11), 2011 WL 4484280 (unpublished). We affirmed the conviction and sentence, finding in particular that the trial court was not required to deviate from the mandatory sentence of life imprisonment at hard labor without parole and that it did not abuse its discretion in finding the defendant failed to clearly and convincingly show that because of unusual circumstances he was a victim of the legislature’s' failure to assign sentences that were meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. See Id.
The defendant applied for writ of certio-rari, which was granted in part by our supreme court. In a per curiam opinion, our supreme court noted that after it issued its decision, and while the defendant’s writ was pending in the Louisiana Supreme Court, the United States Supreme Court in Miller v. Alabama, 567 U.S. -, -, 132 S.Ct. 2455, 2466, 183 L.Ed.2d 407 (2012), determined that mandatory life imprisonment without parole for those offenders under the age of 18 years at the time they committed a homicide offense violates the Eighth Amendment prohibition of “cruel and unusual punishments.” State v. Graham, 11-2260 (La.10/12/12), 99 So.3d 28 (per curiam). Our supreme court found that unlike the Lease in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Eighth Amendment precludes sentencing juvenile offenders to life imprisonment without parole for non-homicide crimes), the Miller court did not establish a prohibition against life imprisonment without parole for juveniles, but instead required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest possible penalty for juveniles. Accordingly, the Court granted the defen *275 dant’s writ and remanded the matter to the district court to conduct a sentencing hearing in accord with the principles enunciated in Miller and to state the reasons for reconsideration and sentencing on the record. In all other respects, the defendant’s application was denied. See Graham, 99 So.3d at 29.
On remand, the trial court conducted a sentencing hearing pursuant to Miller. Based on testimony adduced at the hearing, the trial court vacated the original sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence and resentenced the defendant to life imprisonment at hard labor with the benefit of parole. The defendant now appeals, designating three assignments of error. We affirm the sentence.

ASSIGNMENTS OF ERROR NOS. 1, 2, and 3

In these three-related sentencing assignments of error, the defendant argues, respectively, that the trial court failed to comply with Miller in resentencing him; the trial court at the Miller hearing erred in relying on La.C.Cr.P. art. 878.1; and the sentence imposed is excessive.
The defendant argues that the trial court did not comply with the principles enunciated in Miller. According to the defendant, the trial court was required to consider all the facts and circumstances of the case and his unique experiences and characteristics, rather than “solely” his age. The defendant contends that rather |4than considering his unique characteristics and the specific facts of this crime, the trial court merely took into account his youth and stated that there was a “possibility of improvement in a young man’s life.”
In compliance with the remand by our supreme court, the trial court conducted a Miller sentencing hearing. Three witnesses testified at the hearing on remand: the defendant’s mother, the victim’s mother, and a friend of the defendant and his mother. The defendant’s mother testified at the hearing about the defendant’s early life, his troubled upbringing, his relationship with an abusive father, and his problems with being bullied and having difficulty understanding things. In its reasons for vacating the defendant’s sentence and resentencing him to life imprisonment with the benefit of parole, it is clear, as required under Miller, that the trial court thoroughly considered the defendant’s youth, the possibility for rehabilitation, and the many other factors presented at the sentencing hearing:
In the matter of State of Louisiana versus Jared Graham pursuant to instructions by the higher courts of this State, the Court has conducted a new sentencing hearing relative to his previous sentence pronounced by the Court in the matter of State of Louisiana versus Jared David Graham, docket number 487142.
The Court after hearing the testimony of the witnesses that are here before the Court, particularly Ms. Williams, I thought it was quite moving that she would be here and advocate, I’m sorry, Ms. Landor, the mother of Mr. Williams, that she would advocate for the possibility of parole.
The troubled history for a young man at such a young age that has been involved in the death of another person really makes me think sometimes. It makes me wonder sometimes in this job.
But I do recognize that there is a possibility of improvement in a young man’s life. I don’t think the incident in question as I recall the facts warrant that Mr. Graham would be sentenced without benefit of parole.
*276 Based on the foregoing, it is not at all clear to this court how the defendant can assert the trial court, pursuant to Miller, did not consider his unique experiences and the specific facts of the crime, particularly in light of the fact that the trial court resentenced the defendant to life imprisonment with the possibility |fiof parole. While the trial court did not parrot the testimony at the Miller hearing in his reasons for judgment, it is clear that the trial court considered everything it had heard about the defendant’s troubled youth and upbringing. Regarding the “specific facts of this crime,” the trial court specifically stated at the sentencing hearing that, as he recalled the facts of the incident, he did not think the defendant should be sentenced without parole. Judge August Hand, the presiding judge at the Miller hearing, also presided over the defendant’s trial; he was, thus, clearly familiar with the details of the case. Moreover, at the beginning of the Miller hearing, the prosecutor asked the trial court to take judicial notice of all the testimony that was introduced at the “guilt phase” of the defendant’s trial.
Accordingly, the defendant’s assertion that the trial court did not consider his unique experiences and the specific facts of the crime and, as such, did not comply with Miller, is baseless.
The defendant further argues in brief that the trial court erred in relying on La.C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) in resentencing him. The effective date of these provisions was August 1, 2013. The defendant committed the instant offense of second degree murder in 2005. Thus, according to the defendant, in finding that Article 878.1 applied to the matter and then sentencing him pursuant to La. R.S. 15:574.4(E), the trial ■ court violated the prohibition against ex post facto laws as applied to him. The defendant asserts that this illegality should result in his being resentenced to the next available responsive verdict, or manslaughter.
Aside from the espousal of the effective date of the above-mentioned provisions, none of the assertions by the defendant have any merit. Louisiana Code of Criminal Procedure art. 878.1, which provides for a sentencing hearing pursuant to Miller, states:
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or |fisecond degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender’s level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.
Louisiana Revised Statutes R.S. 15:574.4(E) provides a list of conditions that must be met upon a judicial determination that the person is entitled to parole eligibility pursuant to La.C.Cr.R art. 878.1. By 2013 La. Acts, No. 239, §§ 1 and 2, La. R.S. 15:574.4(E) and La.C.Cr.R art. 878.1, respectively, became effective on August 1, 2013.
*277 At the outset of the Miller hearing, the prosecutor informed the trial court that he was of the opinion that La.C.Cr.R art. 878.1 (and by extension, La. R.S. 15:574.4(E)) would apply to the hearing. Following a review of what Article 878.1 provided, the prosecutor stated that he was ready to proceed with the hearing. The trial court stated, “Thank you.” In his brief, the defendant notes the prosecutor stated that Article 878.1 applied to the matter. The .defendant then states in brief, “The district court judge tacitly agreed by conducting the hearing in accordance .with that code article then resentencing Jared pursuant to La. R.S. 15:574.4(E). Defense counsel objected arguing that article 878.1 does not apply.”
At the conclusion of the Miller hearing, after all witnesses had testified and after the trial court had given its reasons and résentenced the defendant to'life imprisonment with the possibility of parole, defense counsel stated that Article 878.1 should not apply and that “it should go to manslaughter or less.” The trial court responded, “I understand that objection and note the objection.” Defense ^counsel’s first mention of Article 878.1 was at the conclusion of the hearing; thus, there was no contemporaneous objection made at the hearing by defense counsel regarding the applicability of Article 878.1.
In order to preserve the right to appellate review of an alleged trial court error, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for the objection. La.C.Cr.P. art. 841(A). A new basis for an objection may not be raised for the first time on appeal. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem. It is also intended to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by an objection. See State v. McClain, 04-98 (La.App. 5 Cir. 6/29/04), 877 So.2d 1135, 1144, writ denied, 04-1929 (La.12/10/04), 888 So.2d 835. See also State v. Young, 99-1264 (La.App. 1 Cir. 3/31/00), 764 So.2d 998, 1005. Accordingly, this issue is not properly before us.
The failure to preserve this issue notwithstanding, we make the following observations. The defendant states in brief that the trial court tacitly agreed that La. C.Cr.P. art. 878.1 applied by conducting a hearing in accordance with that code article and resentencing the defendant pursuant to La. R.S. 15:574.4(E). Our review of the record indicates there was no agreement by the trial court, tacit or otherwise, ■ that Article 878.1 applied to the hearing. The trial court did not indicate it agreed with the prosecutor after he presented his argument about the applicability of Article 878,1; and throughout the entire Miller hearing, the trial court did not once mention or refer to Article 878.1 or La. R.S. 15:574.4(E), After resentencing, defense counsel .asked the trial court to resentence the defendant to the next applicable verdict (manslaughter). In denying that request, the trial court noted pthat it would “take away from the parole board its powers,” and that the parole board had a specific function in the judicial system. This was the extent of the trial court’s discussion about the parole board. Whether the defendant thinks that this language by the trial court was tacit approval of the applicability of Article 878.1 is not clear; but resentencing the defendant to life imprisonment with the possibility of parole did not mean the trial court, despite the' defendant’s assertions, relied on Article 878.1. It means only that the trial court relied on the mandate of Miller (the Miller hearing codified under Article 878.1), which provides for this very alternative to a life sentence without parole.
*278 We further find that any consideration of La.C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) in resentencing the defendant, would not have been, contrary to the defendant’s assertion, an ex post facto violation. In State v. Jones, 12-788 (La.App. 5 Cir. 5/23/13), 2013 WL 2249168 (unpublished), writ granted, 13-2039 (La.2/28/14), 134 So.3d 1164, a decision handed down after Miller but prior to State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, 841-44, cert. denied, — U.S. -, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014) (applying La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E)(1) prospectively only), the defendant (seventeen years old at the time of the offense) was convicted of second degree murder and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The defendant committed the crime on April 29, 2010, before either Miller or Tate were handed down. The fifth circuit affirmed the conviction, but vacated that portion of the defendant’s sentence that prohibited parole eligibility and remanded the matter for resentencing in conformity with Miller. In State v. Jones, in a writ of certiorari grant for the above unpublished decision, our supreme court stated:
Defendant is entitled to the benefit of the decision in Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), | 3because his case was in the direct review pipeline when Miller was decided. See Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (new rules of constitutional criminal procedure apply retroactively to all cases pending on direct review or in the direct review pipeline); compare State v. Tate, 12-27[6]3 (La.11/5/13) [130 So.3d 829] (Miller not retroactive to final sentences subject only to collateral attack) .... On remand of the case, the trial court is directed to hold a hearing in compliance with La.C.Cr.P. art. 878.1, implementing the Miller decision in Louisiana, before resentencing defendant to a term of life imprisonment at hard labor that, in the court’s discretion, after considering any aggravating and mitigating evidence relevant to the offense or the character of defendant, may, or may not, be subject to parole eligibility pursuant to the provisions of La. R.S. 15:574.4(E).
13-2039 (La.2/28/14), 134 So.3d 1164 (per curiam).
Based on the foregoing, the defendant in the instant matter was entitled to the benefit of the decision in Miller because this case was in the direct review pipeline when Miller was decided. Miller was decided on June 25, 2012, and our supreme court granted certiorari in this ease on October 12, 2012. See Graham, 99 So.3d at 28-29. Further, pursuant to Jones, the defendant was entitled to have his sentencing hearing held in compliance with La.C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E).
We point out that it is not clear how the assertion (by appellate counsel in brief) that La.C.Cr.P. art.' 878.1 and La. R.S. 15:574.4(E) should not have been applied to the Miller hearing, advances the defendant’s argument. If these articles did not apply (because of ex post facto violations), then the defendant would not have been entitled to a new sentencing hearing under Miller. The defendant notes in brief that Tate held La.C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) apply prospectively only, but Tate held more than this. The Tate Court found that the Miller decision, itself, was to have prospective application only. See Tate, 130 So.3d at 841. Accordingly, if we were to accept this argument made by appellate counsel, this entire matter would have been foreclosed (or mooted) by the strictures of Tate. See State v. Funches, 13-1479 (La.6/20/14), 140 So.Sd 1165; State v. 10Olivier, 13-1110 (La.6/20/14), 141 *279 So.3d 266; State v. Gillam, 13-946 (La.6/20/14), 141 So.3d 265.
Furthermore, since the defendant would not have been entitled to the relief provided for under Miller, La, C.Cr.P. art. 878.1, and La. R.S. 15:574.4(E), his new sentence of life imprisonment with parole would have been illegally lenient. As such, this court would have been entitled to vacate such an illegal sentence, and to resentence the defendant to life imprisonment without, the benefit of parole. See La.C.Cr.P. art. 882; State v. Williams, 13-0100 (La.6/20/14), 141 So.3d 805; State v. Griffin, 49,146 (La.App. 2 Cir.6/25/14), 145 So.3d 545, 548-50; State v. Stewart, 13-639 (La.App. 5 Cir. 1/31/14), 134 So.3d 636, 638-40, writ denied, 14-0420 (La.9/26/14), 149 So.3d 260.
The defendant further asserts that he should have been resentenced to the next available responsive verdict, that is, manslaughter, or a fixed number of years. In Graham v. Florida, 560 U.S. at 82, 130 S.Ct. at 2034, the United States Supreme Court held that the Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. Louisiana Revised Statutes R.S. 15:574.4(33) provides in pertinent part that “no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years.” Louisiana Revised Statutes R.S. 15:574.4(A)(2) provides in pertinent part:
[A] person committed to the Department of Public Safety.and Corrections for a term or terms of imprisonment with or without benefit of parole' for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five. This provision shall not apply to a person serving a life sentence unless the sentence has been commuted to a fixed term of years. ■
In State v. Shaffer, 11-1756 (La.11/23/11), 77 So.3d 939, 942 (per cu-riam), our supreme court found that Graham v. Florida required the relators, and all other U persons similarly situated, to have a meaningful opportunity to secure release as a regular part of the rehabilitative process. Accordingly, the Shaffer Court, held:
[T]he Eighth Amendment precludes the state from interposing the Governor’s ad hoc exercise of executive clemency as a gateway to accessing procedures the state has established for ameliorating long terms of imprisonment as part of the rehabilitative process to which inmates serving life terms for non-homicide crimes committed when they were under the age of 18 years would otherwise have access, once they reach the age of 45 years and have served 20 years of their sentences in actual custody. The state thus may not enforce the commutation provisos in La. R.S. 15:574.4(A)(2) and ' 15:574.4(B) against relators and all other similarly situated .persons, and the former provisions offer objective criteria set by the legislature that may bring Louisiana into compliance with the Graham [v. Florida ] decision. [Footnotes omitted.]

Id.

Thus, the Shaffer Court, along with its two companion cases, specifically tailored its decision to comply with Graham v. Florida. See State v. Dyer, 11-1758 (La.11/23/11), 77 So.3d 928, 930-31 (per curiam); State v. Leason, 11-1757 (La.11/23/11), 77 So.3d 933, 936 (per cu-riam). Further, the Shaffer Court addressed older jurisprudence on the issue of resentencing to the next lesser and included responsive verdict and expressly de: dined to follow it. Shaffer, 77 So.3d at 941 n. 3; See State v. Craig, 340 So.2d 191, *280 193-94 (La.1976).[1] In rejecting the suggestion that the proper remedy is resen-tencing under a lesser and included offense, the Shaffer Court stated:
We agree with relators that Louisiana must comply with the Graham [v. Florida] decision but reject their proposed solution. In Graham [v. Florida ], the Supreme Court held that “for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole.” Graham [v. Florida], 560 U.S. at [74], 130 S.Ct. at 2030. The Court specifically observed: “A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants ... some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” Id. The Court noted that a life sentence without parole “deprives the convict of the | i2most basic liberties without giving hope of restoration, except perhaps by executive clemency— the remote possibility of which does not mitigate the harshness of the sentence.” Id., 560 U.S. at [69-70], 130 S.Ct. at 2027 (citing Solem v. Helm, 463 U.S. 277, 300-301, 103 S.Ct. 3001, 3015, 77 L.Ed.2d 637 (1983) (striking down a life sentence without parole for a habitual offender convicted of issuing a “no account” check, Court notes the difference between the availability of parole as a “regular part of the rehabilitative process” and commutation of sentence as “an ad hoc exercise of.executive clemency”)).
Shaffer, 77 So.3d at 941-42.
Thus, under Shaffer and Graham, the appropriate remedy involving a situation of a minor sentenced to life imprisonment without parole for a nonhomicide crime is to let stand the life sentence, but delete the restriction on parole eligibility. Our supreme court further directed the Department of Corrections to revise a convicted person’s prison master according to the criteria in La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole. Shaffer, 77 So.3d at 942-43; See State v. Walder, 12-0051 (La.App. 1 Cir. 9/24/12), 104 So.3d 137, 142, writ denied, 12-2534 (La.4/19/13), 111 So.3d 1032.
As with this Graham v. Florida line of cases, our courts have used the same approach in applying Miller to sentencing juveniles for homicide offenses. In State v. Fletcher, 49,303 (La.App. 2 Cir. 10/1/14), 149 So.3d 934, 941-42,[2] the defendant argued the trial court erred in denying his motion to declare unconstitutional La. R.S. 14:30.1 (second degree murder statute), La. R.S. 15:574.4(E) and La.C.Cr.P. art. 878.1. As to the second degree murder statute, the defendant argued that the legislature failed to amend it to comply with the Miller | ^prohibition of a mandatory life sentence without possibility of parole for juvenile killers. In finding no merit to *281 these arguments, the second circuit, found, in pertinent part:
The Louisiana legislature promptly addressed the Miller directive against mandatory life-without-parole sentences for juvenile killers by devising a sentencing procedure which would require that a trial court sentencing a youthful offender review all pertinent factors before determining whether parole eligibility was warranted. By its very application to only murderers under the age of 18, the provisions of La. C. Cr. P. art. 878.1 mandating a sentencing hearing at which the defense will be given an opportunity to present mitigating factors— which obviously include the defendant’s age as an important part of his social history — satisfy Miller’s requirement that mitigating factors favoring a juvenile killer be heard in a proceeding held for that purpose....
Contrary to the defendant’s claim,, the legislature was not required to amend the second degree murder statute itself to provide for sentencing of juvenile killers.... [L]ife without parole is still a constitutionally acceptable sentence for adult killers and it is not a prohibited sentence for all juvenile killers. Our legislature carefully designed an adequate solution by adding a new statute pertaining to parole eligibility for juvenile killers which is to be read in conjunction with the first and second degree murder statutes. In the event that the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) provides conditions which must be satisfied before the defendant can apply to the parole board for parole consideration.
Fletcher, 149 So.3d at 942.
Either sentencing scheme of life imprisonment with parole, or life imprisonment without parole, is proper and not unconstitutional under Miller. Accordingly, the defendant was not entitled to be sentenced to the next available responsive verdict of manslaughter. The only other sentence available to the defendant under Miller was life imprisonment with parole (barring any deviation from the mandatory minimum sentence, pursuant to State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672 and State v. Dorthey, 628 So.2d 1276 (La.1993)).
Finally, the defendant argues that his sentence was excessive. Specifically, the defendant asserts .that the matter should be remanded so that the trial court can 114impose “a graduated and proportioned sentence,” as required under Miller.
Under La.C.Cr.P. arts. 881.1(E) and 881.2(A)(1), the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See State v. Mims, 619 So.2d 1059 (La.1993) (per curiam). Further, when the trial court grants relief under Article 881.1 and resentences the defendant, the result is the imposition of a new sentence. Since a new sentence is imposed, Article 881.1 requires that a renewed motion for reconsideration be made or filed, specifying the grounds for objection to the new sentence. State v. Smith, 03-1153 (La.App. 1 Cir. 4/7/04), 879 So.2d 179, 183 (en banc). Upon being resen-tenced, the defendant did not make or file an oral or written motion to reconsider the new sentence. The motion for appeal is not a substitute for a motion to reconsider sentence and does not satisfy the requirements of Article 881.1. The defendant, therefore, is procedurally barred from having this assignment of error reviewed because of his failure to file a motion to reconsider sentence after being resen-tenced. See State v. Gerald, 13-1478 (La.App. 1 Cir. 5/2/14), 145 So.3d 436, 438-39, writ denied, 15-1370 (La.2/13/15), 157 So.3d 585; Smith, 879 So.2d at 183.
*282 Moreover, despite the defendant’s “graduated and proportioned” argument, the Miller Court made clear that it did not prohibit life imprisonment without parole for juveniles, but instead required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest possible penalty for juveniles who have committed a homicide offense. See State v. Simmons, 11-1810 (La.10/12/12), 99 So.3d 28 (per curiam); Graham, 99 So.3d at 29. Accordingly, a life sentence without parole under Miller is not excessive and, therefore, not unconstitutional. The defendant’s new sentence of life imprisonment at hard labor with parole is [^therefore, perforce, not unconstitutional.
These assignments of error are without merit.
SENTENCE AFFIRMED.

. 1 The abrogation of the Craig decision was recognized by this court in State v. Straub, 12-0270 (La.App. 1 Cir. 9/21/12), 111 So.3d 38, 41.

. The second circuit in Fletcher reviewed the decisions of other circuits, namely State v. Smoot, 13-453 (La.App. 5 Cir. 1/15/14), 134 So.3d 1, writ denied, 14-0297 (La.9/12/14), 147 So.3d 704, and State v. Baker, 14-0222 (La.App. 1 Cir. 9/19/14), 154 So.3d 561, which also found that life imprisonment without parole is not prohibited under Miller. In Baker, we found that Miller did not invalidate La. R.S 14:30.1, and even if Miller invalidated the penalty provision found in La. R.S. 14:30.1, our Louisiana Supreme Court has previously held that the invalidation of a penalty provision does not render an entire statute unconstitutional. Baker, 154 So.3d at 566; See State v. Drew, 360 So.2d 500, 507-08 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979).