Judge Edwin A. Lombard
The defendant, Albert Lewis, appeals his sentence to life imprisonment with possibility of parole. After review of the record in light of the applicable law and arguments of the parties, the defendant's sentence is affirmed.
Relevant Facts and Procedural History
In 1976, the defendant and his co-defendant, Kenneth R. Smith, were convicted of the second degree murder of Maria Digiovani. The defendant, seventeen years *529 old at the time of the offense (which took place on July 13, 1976[1] ), was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence for forty years.[2]
Based on an errors patent review, the convictions and sentences of the defendant and his co-defendant were initially affirmed by per curiam opinion. State v. Lewis , 413 So.2d 513 (La. 1982) (table). Subsequently, both defendants were granted an out-of-time appeal and their convictions and sentences were affirmed by this Court. State v. Smith , 623 So.2d 942 (La. App. 4 Cir. 1993). As recited in that opinion, the underlying facts of this case are as follows:
On the morning of July 30, 1976, the body of 74 year old Maria DiGiovanni was found in the bedroom of her home at 1414 Mandeville Street. The apartment was in disarray. The bathroom window was broken and the telephone wire to the receiver was cut.
An autopsy revealed Ms. DiGiovanni was strangled, stabbed over 100 times in the face, shoulder and abdomen, received injuries to her face including black eyes and missing teeth, a broken breastbone and broken ribs, lacerations to her vagina and a head injury so severe that one of her ears was nearly severed. The head injury contained small pieces of metal which matched an aluminum wrapped brick found in the apartment. In addition, a wooden handle with a broken piece of metal on the end was found deep inside her vagina.
Vaginal samples were positive for spermatozoa. Ms. DiGiovanni had type "O" blood. Seminal fluid found on her nightgown and inside her vagina came from a type "B" blood type secretor. Kenneth Smith's blood type is "O". Albert Smith's blood type is "B".
The murder investigation revealed that Ms. DiGiovanni had recently purchased a large color television set which was missing from the apartment. After receiving a telephone call from Smith's sister, Smith and Lewis became the prime suspects in the murder. Both were arrested and taken to police headquarters. There they both waived their rights and gave written statements admitting to the murder.
Smith , 623 So.2d at 943.
In addition, both defendants' fingerprints were found inside Ms. DiGiovanni's residence and items belonging to her were found at the residences of Smith and his girlfriend.
On June 25, 2012, the United States Supreme Court held the Eighth Amendment forbids a sentencing scheme that mandates a life sentence without the possibility of parole for juvenile offenders and that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders. Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Notably, Miller did not establish a categorical prohibition against life *530 sentences without parole for juvenile homicide offenders; rather, Miller required the sentencing court to consider certain factors, including the offender's youth, before deciding whether to impose life with or without parole. In 2013, the Louisiana Legislature implemented Miller by enacting La. Code Crim. Proc. art. 878.1 and La. Rev. Stat. 15:574.4(E). The Louisiana Supreme Court initially held that Miller was not retroactively applicable, State v. Tate , 2012-2763 (La. 11/5/13), 130 So.3d 829, but that decision was ultimately overruled by the United States Supreme Court's determination that the Miller decision was a new substantive rule of constitutional law and, therefore, retroactively applicable to cases on collateral review as it rendered a certain penalty unconstitutionally excessive for a category of offenders. Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (reversing State v. Montgomery , 2013-1163 (La. 6/20/14), 141 So.3d 264 ). Accordingly, the Louisiana Supreme Court instructed the lower courts that, absent new legislation to the contrary, La. Code Crim. Proc. art. 878.1 and La. Rev. Stat. 15:574.4(E) were applicable to resentencing hearings conducted on collateral review of juvenile homicide defendants sentenced prior to Miller to determine parole eligibility should be granted or denied.
The Court explained:
Article 878.1 requires the District Court to conduct a hearing "[i]n any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense ... to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E)." La. R.S. 15:574.4(E) then provides the conditions under which any person serving a sentence of life imprisonment for first or second degree murder committed under the age of 18 can become parole eligible, provided a judicial determination has been made the person is entitled to parole eligibility pursuant to Article 878.1.
State v. Montgomery , 2013-1163, pp. 2-3 (La. 6/28/16), 194 So.3d 606, 607.
Meanwhile,[3] the defendant in this case filed a motion to correct illegal sentence based on Miller but, because it had not yet been determined that Miller applied retroactively to cases on collateral review, it was initially denied. Ultimately, however, counsel was appointed to represent the defendant and a Miller resentencing hearing was held on September 16, 2016. After the parties' preliminary statements, the trial court conducted an on-the-record review of the defendant's disciplinary history from the Department of Corrections. The defendant testified as did his nephew, Lest Williams, who affirmed that he had visited the defendant while incarcerated and observed a positive spiritual change in him. At the conclusion of the hearing, the trial court sentenced the defendant to life imprisonment with parole pursuant to La. Code Crim. Proc. art. 878.1.
Thereafter, the Louisiana Supreme Court issued a per curiam in *531 State ex rel. Lewis v. State , 2016-1908 (La. 1/9/17), 208 So.3d 882, remanding the matter to the district court to grant the defendant an out-of-time appeal from his resentencing and to appoint appellate counsel to assist him in that endeavor. Appellate counsel was appointed but filed an Anders brief and a motion to withdraw in this court. The defendant filed a supplemental pro se brief with assignments of error on February 7, 2018.
Errors Patent Review
By his sole counseled assignment of error, the defendant requests a review of the record for errors patent . Counsel's detailed review of the procedural history and the facts of the case indicate a thorough review of the record and, as noted by counsel, the issues raised by the defendant in his motion to correct illegal sentence have been addressed and found to be without merit by numerous courts in this state. As such, appellate counsel has complied with the procedures outlined by Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). Because counsel's finding, based on a conscientious review of the record, that there are no non-frivolous issues for appeal has merit, the motion to withdraw is granted.
Supplemental Pro Se Assignment of Error 1
The defendant argues that both his re-sentencing and appellate counsel rendered ineffective assistance of counsel[4] because neither challenged the application of La. Code Crim. Proc. art. 878.1 to his resentencing. With citation to State v. Tate , the defendant argues that Article 878.1 cannot be applied retroactively because it was not in force at the time his crime was committed. Relying upon the principles of State v. Craig , 340 So.2d 191 (La. 1976), the defendant argues that he should be resentenced to the most serious penalty for the next lesser included offense, manslaughter.
For a number of reasons, defendant's argument pursuant to Tate is without merit. In overruling Tate , the Montgomery court found that Miller was to be given retroactive effect, thereby allowing those defendants sentenced to life without parole prior to the Miller decision, the opportunity to be resentenced to life with parole under Miller . Because La. Code Crim. Proc. art. 878.1 codifies the Miller rule, it necessarily applies retroactively to sentences imposed prior to Miller .
Also, Montgomery itself stated that permitting juvenile homicide offenders to be considered for parole was an appropriate remedy for a Miller violation:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g. , Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for *532 parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Montgomery v. Louisiana , 136 S.Ct. at 736.
Furthermore, the so called Craig solution advocated by the defendant has been repeatedly rejected, as succinctly explained in State v. Plater , 51, 338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897 :
In State v. Craig , 340 So.2d 191, 193-94 (La. 1976), the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional and that the appropriate remedy to correct an illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense.
However, in State v. Shaffer , 11-1756 (La. 11/23/11), 77 So.3d 939, the Louisiana Supreme Court took a different approach. There, in consolidated writ applications, three defendants sought relief from their life sentences following their convictions for aggravated rape committed while juveniles after the United States Supreme Court held that the Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense in Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The Louisiana Supreme Court rejected the defendants' argument that they should be sentenced under the lesser included offense of attempted aggravated rape as was done in State v. Craig, supra . Instead of remanding the cases for resentencing, the supreme court amended the defendants' life sentences to delete the restriction on parole eligibility. See also State v. Leason , 11-1757 (La. 11/23/11), 77 So.3d 933.
Further, this Court, along with several other circuits, has rejected the claim that juvenile homicide defendants should be sentenced under the manslaughter statute. See State v. Williams , 50, 060 (La. App. 2 Cir. 9/30/15), 178 So.3d 1069, writ denied , 15-2048 (La. 11/15/16), 209 So.3d 790 ; State v. Williams , 15-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied , 16-0332 (La. 3/31/17), 217 So.3d 358, 2017 WL 1315822 ; State v. Jones , 15-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713 ; State v. Graham , 14-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied , 15-1028 (La. 4/8/16), 191 So.3d 583.
Plater, 51, 338, pp. 4-5, 222 So.3d at 901.
This assignment of error is without merit.
Supplemental Pro Se Assignment of Error 2
Pursuant to State v. Dorthey , 623 So.2d 1276 (La. 1993), the defendant asserts that the trial court erred by failing to impose a sentence below the statutory minimum. The defendant argues that a downward departure is warranted because he is fifty-nine years old, suffers from glaucoma, and has been rehabilitated. The record indicates, however, that the defendant did not file a timely motion to reconsider sentence. La. Code Crim. Proc. art. 881.1 provides in pertinent part:
A. (1) Within thirty days following the imposition of sentence ... the defendant may make or file a motion to reconsider sentence.
(2) The motion ... shall set forth the specific grounds on which the motion is based.
* * *
*533 D. Failure to make or file a motion to reconsider sentence ... shall preclude ... the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Because the defendant failed to file a timely motion to reconsider sentence, he is precluded from challenging the trial court's failure to impose a sentence below the statutory minimum. State v. Mims , 619 So.2d 1059 (La. 1993) ; La. Code Crim Proc. art. 881.1.
Moreover, even under the guise of an ineffective assistance of counsel claim, the defendant fails to demonstrate prejudice. We find nothing in the record that suggests the defendant in this case "is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672, 676 (citation and internal quotation marks omitted). Accordingly, the defendant's life sentence with benefit of parole is not inappropriate. This assignment of error is without merit.
Conclusion
For the foregoing reasons, we affirm the defendant's sentence and grant counsel's motion to withdraw.
SENTENCE AFFIRMED; MOTION GRANTED.

The screening action form states that the defendant's birthdate is 1/29/1958, indicating that the defendant was eighteen years old at the time of the offense; however, at the re-sentencing hearing, it was uncontested that defendant was seventeen years old at the time of the offense.

Life without parole did not become the designated sentence for second degree murder until 1979. Acts 1979, No. 74, § 1. The defendant is not eligible for parole absent resentencing, however, because La. Rev. Stat. 15:574.4(B) provides that no prisoner serving a life sentence shall be eligible for parole consideration until that sentence has been commuted to a fixed number of years. See generally Bosworth v. Whitley, 627 So.2d 629 (La. 1993).

Without comment, the State suggests that defendant's motion was filed on or about April 23, 2013; however, defendant's motion is not contained in the record, and its filing was not documented by a minute entry. Appellant counsel filed a motion to supplement the record to include, among other items, the motion to correct an illegal sentence and the State's response. In response, the Clerk of Court advised that the documents could not be located.

Under Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced him. With regard to counsel's performance, the defendant must show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. As to prejudice, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, i.e. , a trial whose result is reliable. Id. , 466 U.S. at 687, 104 S.Ct. 2052. Both showings must be made before it can be found that the defendant's conviction resulted from a breakdown in the adversarial process that rendered the trial result unreliable. Id.