STATE OF LOUISIANA      *      NO. 2019-KA-0941

VERSUS      *

     COURT OF APPEAL

KARL DAVIS      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 244-290, SECTION "E"
Honorable Keva M. Landrum-Johnson, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet,
Judge Regina Bartholomew-Woods)

**LEDET,J.,CONCURS IN THE RESULT**

Karl Davis  #78563
Louisiana State Penitentiary
Pine - 3
Angola, LA 70712
     DEFENDANT/APPELLANT, PRO SE
Meghan Harwell Bitoun
LOUISIANA APPELLATE PROJECT
P.O. Box 4252
New Orleans, LA 70178--4252
     COUNSEL FOR DEFENDANT/APPELLANT

Leon Cannizzaro
DISTRICT ATTORNEY
Orleans Parish
Michael Ambrosia
ASSISTANT DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
619 S. White Street
New Orleans, LA 70119
     COUNSEL FOR APPELLEE/STATE OF LOUISIANA

**AFFIRMED**
**JULY 1, 2020**

*RBW*

*RLB*

In consideration of *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d. 407 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), a juvenile offender who, pled guilty to second degree murder was resentenced to life imprisonment with eligibility for parole after twenty (20) years.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 19, 1974, Defendant, Karl Davis, was charged with one count of first degree murder, in violation of La. R.S. 14:30. At this time, Defendant was seventeen (17) years old.[1] On November 19, 1974, Defendant, pursuant to a plea agreement, pled guilty to second degree murder and was sentenced to a term of life imprisonment without the benefit of parole, probation, or suspension of sentence for a period of twenty (20) years.[2] Defendant did not appeal.

---

[1] According to Defendant, he was illiterate.

[2] Defendant was sentenced as follows:

> BY THE COURT: Do you understand that the sentence in this particular matter, if I accept your plea of guilty, will be as follows - - imprisonment at hard labor for

In 1980, Defendant's first application for post-conviction relief was denied as untimely. Defendant's subsequent application for post-conviction relief was denied on April 25, 1995. The Louisiana Supreme Court denied Defendant's writ application on February 7, 1997. Defendant obtained relief on August 6, 2007, when the district court vacated his sentence and placed him on five years active probation. The State sought review of the district court's ruling; the Louisiana Supreme Court vacated the lower court's ruling and reinstated a sentence of life imprisonment without parole. Again, Defendant filed an application for post-conviction relief, which was denied as untimely on May 22, 2009. Defendant filed a motion to set aside guilty plea and a motion to correct illegal sentence, which was denied by the district court on December 12, 2012, and by the Louisiana Supreme Court on July 31, 2014. Defendant also sought relief in federal court in

life and that you will not be eligible for parole, probation or suspension of sentence for twenty years?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Do you understand that that's the sentence I must impose on you. I have no discretion and I must give you life imprisonment at hard labor with no eligibility for parole for a period of twenty years? Do you understand that?

BY THE DEFENDANT:
Yes, sir.

Ostensibly, Defendant appears to be eligible for parole after serving twenty (20) years. However, because La. R.S. 15:574.4(B), in pertinent part, provides that "no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years," Defendant is not eligible, absent resentencing.

2014.[3] On December 19, 2016, the district court resentenced Defendant to life with parole in consideration of *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d. 407 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) and urged the parole board to grant Defendant parole. It is from this ruling that Defendant now appeals.

## DISCUSSION

### *Assignments of Error*

Defense counsel raised the following sole assignment of error on appeal:

Whether the district court erred by amending Defendant's sentence to life imprisonment with the possibility of parole, as directed by the United States Supreme Court's decision in *Montgomery,*[4] because such a sentence was not

---

[3] Before the federal court ruled, the district court resentenced Defendant on December 19, 2016.

[4] The United States Supreme Court explained

> This is another case in a series of decisions involving the sentencing of offenders who were juveniles when their crimes were committed. In *Miller v. Alabama,* 567 U.S. [460], 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the Court held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing. In the wake of *Miller*, the question has arisen whether its holding is retroactive to juvenile offenders whose convictions and sentences were final when *Miller* was decided.

*Montgomery*, 136 S.Ct. at 725; 193 L.Ed.2d 599 (2016), *as revised* (Jan. 27, 2016). Further, the United States Supreme Court held that *Miller* provided a substantive rule and, therefore, has retroactive effect. Moreover, "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id*. at 736.

3

authorized by the legislature as a penalty for Defendant at the time of his conviction and sentencing and, thus, was not a legal sentence.

Defendant, *pro se*, raises the following assignments of error on appeal:

1. Whether the trial court erred by depriving Defendant of his liberty without the substantive due process protection of "fair notice" of a legislatively authorized penalty for violation of second degree murder;

2. Whether the trial court erred by depriving Defendant of his liberty without the due process protection against *ex post facto* application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E);

3. Whether the trial court erred by depriving Defendant of substantive due process when it amended Defendant's sentence to life with parole instead of imposing a legislatively authorized sentence;

4. Whether the trial court erred by depriving Defendant of his liberty without the due process protection of the Eighth Amendment guarantee against a disproportionate sentence as required by *Miller* and *Montgomery* and the district court's sentencing discretion to impose probation or suspension of sentence; and

5. Whether Defendant's guilty plea is constitutionally infirm because the trial court refused to honor the plea agreement provision that probation or suspension of sentence become available after period of twenty (20)

years, failed to perform its duty of advising Defendant of his substantive constitutional right pursuant to *Miller* and *Montgomery*, and Defendant's guilty plea became null and void as a result of *Miller* and *Montgomery*.

### Standard of Review

This Court, in *State v. Ceasar*, explained

> Unlike an application for post-conviction relief, a motion to correct an illegal sentence is never time-barred. La. C.Cr.P. art. 882(A). "[W]hether a particular sentence is legal or illegal is a question of law. Thus, a district judge's legal determination of the legality or illegality of a particular sentence, like any other question of law, is not entitled to our deference." *State v. Gibson*, [20]16-0132, p. 3 (La. App. 4 Cir. 3/16/16), 192 So.3d 132, 135. Therefore, we review the district court's ruling *de novo*. *Id.*

2018-0080, p. 2 (La. App. 4 Cir. 2/28/18), --- So.3d. ---.

### Analysis

### Defense Counsel's Assignment of Error and Pro Se Assignment of Error Number Three

Defense counsel argues that the district court erred in resentencing Defendant to life with the possibility of parole because such a sentence was not a legislatively permissible sentence for second degree murder because Defendant was a juvenile offender sentenced prior to *Miller*. Further, Defense counsel argues that the Louisiana Supreme Court lacked the authority to create substantive criminal law—sentencing ranges for a crime. As such, Defendant's current

sentence is illegal and a violation of due process and *ex post facto* laws. Defense counsel ultimately argues that Defendant must be resentenced pursuant to *State v. Craig*, 340 So. 2d 191 (La. 1976), and sentenced to the next lesser constitutionally approved responsive verdict—manslaughter. Similarly, Defendant, in his third assignment of error, argues that the district court deprived him of liberty without due process[5] by failing to impose a legislatively authorized penalty—the next severe penalty considered by the jury. Defendant further argues that although *Montgomery* provided that granting parole eligibility could be a solution to implementing *Miller*'s retroactivity, the district court had discretion to consider other sentences.

The arguments of defense counsel and Defendant have already been rejected by this Court and the Louisiana Supreme Court. In *State v. Lewis*, 2017-0651, p. 7 (La. App. 4 Cir. 4/18/18), 244 So. 3d 527, 532, this Court explained the following:

> Furthermore, the so called *Craig* solution advocated by the defendant has been repeatedly rejected, as succinctly explained in *State v. Plater*, 51, 338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897:
>
>> In *State v. Craig*, 340 So.2d 191, 193-94 (La. 1976), the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional and that the appropriate remedy to correct an illegal sentence was to remand the case for resentencing of the defendant to the most

---

[5] Due process is discussed later in this opinion.

serious penalty for the next lesser included offense.

However, in *State v. Shaffer*, 11-1756 (La. 11/23/11), 77 So.3d 939, the Louisiana Supreme Court took a different approach. There, in consolidated writ applications, three defendants sought relief from their life sentences following their convictions for aggravated rape committed while juveniles after the United States Supreme Court held that the Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense in *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The Louisiana Supreme Court rejected the defendants' argument that they should be sentenced under the lesser included offense of attempted aggravated rape as was done in *State v. Craig, supra*. Instead of remanding the cases for resentencing, the supreme court amended the defendants' life sentences to delete the restriction on parole eligibility. *See also State v. Leason*, 11-1757 (La. 11/23/11), 77 So.3d 933.

Further, this Court, along with several other circuits, has rejected the claim that juvenile homicide defendants should be sentenced under the manslaughter statute. *See State v. Williams*, 50, 060 (La. App. 2 Cir. 9/30/15), 178 So.3d 1069, *writ denied*, 15-2048 (La. 11/15/16), 209 So.3d 790; *State v. Williams*, 15-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, *writ denied*, 16-0332 (La. 3/31/17), 217 So.3d 358, 2017 WL 1315822; *State v. Jones*, 15-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713; *State v. Graham*, 14-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, *writ denied*, 15-1028 (La. 4/8/16), 191 So.3d 583.

7

*Plater,* 51, 338, pp. 4–5, 222 So.3d at 901.

*State v. Lewis*, 2017-0651, pp. 7-8 (La. App. 4 Cir. 4/18/18); 244 So.3d 527, 532.

Thus, based on the aforementioned, defense counsel's assignment of error

argument, as well as Defendant's *pro se* third assignment of error, are without

merit.

### Pro Se Assignment of Error Number One

In his first *pro se* assignment of error, Defendant argues that the district

court deprived him of his liberty without substantive due process of "fair notice" of

a legislatively authorized penalty for second degree murder. Defendant contends

that *Montgomery*'s acknowledgment that "*Miller* announced a substantive rule of

constitutional law" created a change to sentencing that impacted his "substantive

due process right" to "fair warning about what the law demands." *Montgomery*,

136 S.Ct. at 734 and *United States v. Davis*, 139 S.Ct. 2319, 2325; 204 L.Ed.2d

757 (2019).

This Court, in *State v. Olivier*,[6] expressly addressed and rejected

Defendant's argument regarding fair notice, and stated the following:

> By this assignment of error, Mr. Olivier argues that
> the sentence of life with eligibility of parole violates the

---

[6] The defendant in *Olivier* was convicted of second degree murder when he was eighteen (18) years old and sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence. The defendant in *Olivier* filed a petition of *habeas corpus* to correct an illegal sentence pursuant to *Montgomery*. The district court resentenced the defendant to life imprisonment with the benefit of parole, but without the benefit of probation or suspension of sentence. It was from that resentencing that the defendant appealed.

Fifth Amendment protection of "fair notice" because it was not a sentencing option at the time the offense was committed. This argument has previously been rejected by a Louisiana appellate court, which reasoned that there is no deprivation of fair warning when the requirements to prove second degree murder have not changed and therefore, a defendant knew his conduct would constitute criminal behavior. Additionally, Mr. Olivier's right to fair notice has not been violated because life without possibility of parole is still an option when sentencing youth offenders. Thus, the only difference post *Miller* is that certain mitigating factors must be considered when determining if the sentence is appropriate. As such, Mr. Olivier's right to fair notice was not violated.

2017-0724, p. 5 (La. App. 4 Cir. 2/21/18); 238 So.3d 606, 609-10. Based on this Court's reasoning hereinabove, we find that Defendant's first *pro se* assignment of error lacks merit.

### *Pro Se Assignment of Error Number Two*

As his second assignment of error, Defendant argues that the district court deprived him of liberty without the due process protection against *ex post facto* application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E). Defendant argues that at the time of his offense, La. R.S. 14:30.1 provided for imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. As such, Defendant argues that his resentencing violates *ex post facto* laws because *Miller* was decided after his conviction and sentence.

This Court, in *State v. Williams*, provided

For those offenders convicted of second degree murder in Louisiana, La. R.S. 14:30.1 mandates a sentence of life imprisonment at hard labor without the

9

benefit of parole, probation, or suspension of sentence. However, in 2012, the United States Supreme Court, in *Miller v. Alabama,* [567] U.S. [460], 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), held that a state's statutory sentencing scheme that mandates life imprisonment without parole, for those offenders under the age of eighteen years at the time they committed a homicide offense, violates the Eighth Amendment prohibition of "cruel and unusual punishments." The *Miller* Court did not prohibit life imprisonment without parole for juveniles, but instead required that the statutory sentencing scheme authorize a sentencing court to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles who have committed a homicide offense. *State v. Simmons,* 2011–1810, p. 2 (La.10/12/12), 99 So.3d 28 (*per curiam* ).

In 2013, in response to *Miller v. Alabama, supra,* the Louisiana Legislature enacted La. C.Cr.P. art. 878.1 and La. R.S. 15 :74.4(E)(1).

La. C.Cr.P. art. 878.1, which became effective on August 1, 2013, provides:

> A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).

> B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the

character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.

La. R.S. 15:574.4(E)(1) provides in pertinent part as follows:

E. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1 and all of and the following conditions have been met:

a) The offender has served thirty-five years of the sentence imposed.
b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date....
c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
d) The offender has completed substance abuse treatment as applicable.
e) The offender has obtained a GED certification, unless the offender has

11

previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:

(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.

(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.

The defendant herein contends that the trial court erred in relying on La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) in sentencing him. The effective date of these provisions was August 1, 2013. The defendant committed the instant offense of second degree murder in 2006. According to the defendant, in finding that La. C.Cr.P. art. 878.1 applied to this matter and then sentencing him pursuant to La. R.S. 15:574.4(E), the trial court violated the prohibition against *ex post facto* laws.

In *State v. Graham,* 2014-1769, p. 8 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 278, the First Circuit considered the same issue, and concluded:

> ... any consideration of La. C.Cr.P. art. 878.1 and La. R.S. 15: 574.4(E) in resentencing the defendant, would not have been, contrary to the defendant's assertion, an *ex post facto* violation. In *State v. Jones,* 12-788 (La.App. 5 Cir. 5/23/13), 165 So.3d 74 (unpublished), *writ granted,* 13-2039 (La.2/28/14), 134 So.3d 1164, a decision handed down after *Miller* but prior

to *State v. Tate,* 12–2763 (La.11/5/13), 130 So.3d 829, 841–44, *cert. denied,* —— U.S. ——, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014) (applying La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E)(1) prospectively only), the defendant (seventeen years old at the time of the offense) was convicted of second degree murder and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The defendant committed the crime on April 29, 2010, before either *Miller* or *Tate* were handed down. The fifth circuit affirmed the conviction, but vacated that portion of the defendant's sentence that prohibited parole eligibility and remanded the matter for resentencing in conformity with *Miller.*

2015-0866, pp. 13-16 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 250-52. In consideration of the foregoing jurisprudence, the district court's resentencing did not violate *ex post facto* protection. Defendant's assignment of error is without merit.

### Pro Se Assignment of Error Number Four

As his fourth *pro se* assignment of error, Defendant argues that the district court's resentencing was disproportionate and violated the Eighth Amendment to the United States Constitution.

This Court, in *State v. Preston,* addressed whether the district court's resentencing of a juvenile offender to life imprisonment with the benefit of parole "constitute[d] cruel, unusual and excessive punishment." 2018-0786, p. 7 (La.

13

App. 4 Cir. 4/3/19), 267 So.3d 667, 671, *writ denied*, 2019-00758 (La. 10/15/19), 280 So.3d 607. This Court reasoned that Defendant's argument "has been addressed and rejected." *Id.* This Court emphasized that "'the holding of *Miller* was that sentencing schemes which require mandatory life without parole sentences for juvenile homicide defendants violate the Eight Amendment's prohibition against cruel and unusual punishment.'" *Id.* at p. 8. The district court, in accordance with *Miller* and *Montgomery*, resentenced Defendant to include parole eligibility. Accordingly, Defendant's assignment or error lacks merit.

### Pro Se Assignment of Error Number Five

In his final *pro se* assignment of error, Defendant argues that his plea agreement had not been honored. Pursuant to his 1974 plea agreement, Defendant would be **eligible** for, but **not entitled** to, parole after serving twenty (20) years. At the resentencing hearing, the district court stated,

> But the only option that I have would be life with the possibility the possibility [sic] of parole or life without it. And I don't think you deserve life without it. And so I'm only left with that one option and that is to resentence you with life [sic] the eligibility of parole. I would urge you and I will put on the record that I urge that the parole board grant you parole. And if you want my transcript to bring that when you go before them, you're very welcome to do so. I think that the work that you've done is commendable. I think that these are things they should consider, and I believe they should grant you parole based on your circumstances and what we've come to know

14

about your case. And I stand by that. And so with that, I can only do the – amend the sentence or sentence you to life with parole eligibility. And, again, I would note, for the record, that I would urge them to grant that.

The district court, in resentencing Defendant, reinstated the terms of the 1974 plea agreement, which allowed for parole *eligibility* in accordance with *Miller* and *Montgomery*. Therefore, Defendant's argument that his original plea agreement, which provided for parole eligibility, has not been honored lacks merit.

## CONCLUSION

For the aforementioned reasons, we affirm the district court's ruling.

**AFFIRMED**